**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

STEPHEN LESLIE SWEATMAN,  :
                              :
           Petitioner          :
                              :
      VS.                       :
                              :
Warden ROBERT TOOLE,       :     NO. 5:10-CV-474 (CAR)
                              :
          Respondent     :
_____ :     **O R D E R**

Petitioner **STEPHEN LESLIE SWEATMAN** has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He has paid the $5.00 filing fee.

Petitioner states that he pled guilty to chop shop violations on February 25, 2005, in Butts County, Georgia, for which he received a ten-year sentence, with five to serve.  Petitioner appears to be challenging this conviction and sentence rather than a subsequent revocation of probation on that sentence.  He was released from incarceration by the Georgia Department of Corrections on January 12, 2011.

It is well-settled that exhaustion of state court remedies, either on direct appeal or in a state habeas corpus action, is required before a habeas corpus petitioner can proceed in federal court.  28 U.S.C. § 2254 (b)-(c).  As the Eleventh Circuit Court of Appeals has stated:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, by filing a state habeas corpus action].

***Mason v. Allen***, 605 F.3d 1114, 1119 (11th Cir. 2010) (citations omitted); ***see also O'Sullivan v.***

*Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner states that he was "informed by court appointed counsel that no appeal was available as a matter of state law." He further states that his ability to file a habeas petition in the state court has been "effectively and constructively blocked due to the court's refusal to furnish transcripts and records."

Neither of the above allegations excuses petitioner's failure to exhaust his state remedies. Although petitioner's appointed counsel believed there was no legal grounds for appeal, petitioner nevertheless could have filed an appeal in the Georgia courts. Similarly, his trial court's failure or refusal to provide transcripts does not prevent petitioner from filing a habeas corpus in the state courts.

Because it is undisputed that petitioner has not exhausted his state remedies, his federal habeas petition is premature. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1]

**SO ORDERED**, this 24th day of January, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the court must dismiss the petition.